I agree with the majority's sustaining of the relator's objections to the magistrate's decision relative to the issue surrounding a change of occupation award, but dissent from the majority's decision overruling the respondents' objections to the magistrate's decision on the issue of permanent total disability.
Based upon the contention that Dr. Demeter has rejected the allowed condition in relator's claim, the majority agrees with the magistrate's decision that a report from Dr. Stephen Demeter is flawed and could not serve on a basis for denial of PTD. However, I agree with the contentions of both respondent-employer and respondent-commission that the cases of State ex rel. Foley v.Vulcan Mfg. Co. (1998), 84 Ohio St.3d 59 and State ex rel.Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693, are on point and dispositive of the issue surrounding Dr. Demeter's report. InDomjancic, the claim involved a condition described as a herniated disc, among other allowed conditions. A doctor, upon examination, found no evidence of a herniated disc. The Supreme Court, in rejecting claimant's argument that the commission could not rely on the doctor's report, as it "rejected" a previously allowed condition, stated "that a doctor upon examination, found no evidence of a herniated disc does not amount to a repudiation of the allowance * * * obviously the doctrine of res judicata and collateral estoppel do not apply to limit what a doctor may find upon his examinations." The Supreme Court concluded that the commission's reliance on such a report was not an abuse of discretion.
In the Vulcan case, the Supreme Court did not disturb a commission decision based upon reports of a doctor who could not find symptoms of a previously allowed condition. The court concluded that the absence of findings does not mean the doctor is ignoring or rejecting allowed conditions, but is making a medical determination based on a physical examination.
In this case, the report of Dr. Demeter, while listing previously allowed conditions in relator's claim, proceeds to an evaluation of the relator's condition and concludes with an "assessment," stating that at the present time, "I find no evidence to support the claim of interstitial pulmonary fibrosis with bilateral apical lung disease." In view of the previous holdings in Vulcan and Domjancic, I do not believe the commission abused its discretion in relying on Dr. Demeter's report. I would therefore sustain the respondent-employer and respondent-commission's objections to the magistrate's decision relating to the issue of PTD and deny any relief in mandamus on this issue.
Since there is other medical evidence of record in support of relator's claim for change of occupation award, I concur in the majority's decision to remand this case for further proceedings relating to the change of occupation award.